

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,726-01, WR-90,726-02 & WR-90,726-03

### EX PARTE MICHAEL W. CLAY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR-17-26390-A, CR-17-26391-A & CR-17-26392-A
### IN THE 336TH DISTRICT COURT FROM FANNIN COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to two charges of manufacture or delivery of a controlled substance in a drug free zone and one charge of possession of a controlled substance in a drug free zone. He was sentenced to ten years' imprisonment in each case. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary because, among other things, trial counsel wrongly advised him about his eligibility for "shock" probation. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court

is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings as to whether Applicant was eligible for "shock" probation in these cases. TEX. CODE CRIM. PROC. art. 42A.202(b) (West 2018) (effective Jan. 1, 2017). The trial court shall also make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant refused plea bargain offers based on counsel's alleged deficient performance. Should the court find that Applicant would have accepted plea offers, it shall make further findings as to whether the State would have withdrawn the offers and whether the court would have accepted plea agreements based on those offers. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 5, 2020
Do not publish